IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 23-30063-SPM |
| ) | |
| MOISES A. SANABRIA, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF FACTS

Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Daniel T. Kapsak, Assistant United States Attorney for said District, herewith enter into the following Stipulation of Facts with the defendant,

1. As charged in Count 2 of the Superseding Indictment, between January 1, 2018, and March 22, 2021, Defendant Sanabria knowingly and voluntarily conspired and agreed with co-defendants Aashish K. Jain and M. Eshwar Rao to distribute and possess with intent to distribute controlled substances, namely N-(1-Phenethylpiperidin-4-yl)-N-phenylfuran-2-carboxamide (Furanyl Fentanyl), a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption, and Tapentadol, a Schedule II Controlled Substance.

2. An investigation by the Drug Enforcement Administration (DEA) revealed that during the conspiracy period co-defendants Jain and Rao, based in India, operated a pharmaceutical drug distribution business/call center that shipped pills, containing such opiods as Furanyl Fentanyl and Tapentadol, to customers in the United States. To facilitate the shipment and delivery of these pills to their customers in the United States, Jain and Rao employed Defendant Sanabria as a domestic re-shipper, meaning that they first shipped these pills to Defendant

       Sanabria in New Jersey, who would then ship them directly to customers in the United States.

3. On multiple occasions between 2020 and 2021, Defendant Sanabria, at the direction of co-defendants Jain and Rao, knowingly shipped pills from New Jersey containing Furanyl Fentanyl and Tapentadol to DEA agents in the Southern District of Illinois, who were working in an undercover capacity. Prior to the shipments of these pills, the DEA agents had arranged for their purchase from co-defendants Jain and Rao in India. Defendant Sanabria knowingly and voluntarily conspired with co-defendants Jain and Rao to distribute these pills to the undercover DEA agents and was compensated by his co-defendants with an unknown amount of U.S. currency for doing so.

4. Defendant Sanabria agrees that the acts alleged in Count 2 occurred within the Southern District of Illinois and the District of New Jersey.

5. As charged in Count 3 of the Superseding Indictment, between January and October 2021, Defendant Sanabaria knowingly and voluntarily conspired with co-defendant Jain to conduct and attempt to conduct a financial transaction affecting interstate commerce that involved the proceeds of a specified unlawful activity, to wit: distribution of controlled substances, knowing the transaction was designed in whole or in part to disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

6. Specifically, at co-defendant Jain's direction, Defendant Sanabria established a New York-based limited liability company, Teleguru Solutions, LLC, and he established at least three bank and PayPal accounts for this entity. One account application at Middlesex Bank lists the purpose of Defendant Sanabria's business, doing business as "AllWebDesigns," as "a professional website design and custom web development company that increases leads and sales for individuals, companies, etc. on internet platform." However, there is no evidence Defendant Sanabria's company had any legitimate business purpose. Instead, the accounts for Teleguru Solutions were used as a "layer" in laundering the drug proceeds to conceal the true nature and ownership of the funds. Between January 2021 and October 2021, Teleguru Solutions accounts received transfers of $114,334 in drug proceeds originally deposited in merchant accounts of other fictitious entities, including one in the name of "All Webs Design." Those proceeds were then withdrawn almost exclusively through ATM transactions in the same city in India in which Jain is known to reside. Additionally, DEA agents, as set forth herein, conducted undercover operations in which Jain directed the undercover agent to send payment for drugs to two different bank accounts controlled by Defendant Sanabria. Indian authorities found the debit card for one of those accounts (Stride Bank) at Jain's residence in India in May 2022.

7. Defendant Sanabria agrees that the acts alleged in Count 3 of the Superseding Indictment occurred, in part, within the Southern District of Illinois.

8. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept Defendant Sanabria's guilty plea and is not necessarily an exhaustive account of the Defendant Sanabria's criminal activity.

**SO STIPULATED:**

_____
MOISES A. SANABRIA
Defendant

_____
TODD M. SCHULTZ
Attorney for Defendant

Date: 10-24-23

RACHELLE AUD CROWE
United States Attorney

_____
DANIEL T. KAPSAK
Assistant United States Attorney

Date: 10/24/23